Roetzel & Olds, Akron, for plaintiff in error.

A. D. Zook, Akron, for defendant in error.

## OTLOECZ v COMA

Ohio Appeals, 9th Dist, Summit Co

No 2056. Decided Jan 29, 1932

364

WASHBURN, J.

The question of whether or not such a judgment entered in the Municipal Court of Akron is appealable to the Court of Common Pleas, depends entirely upon the acts of the legislature in reference thereto, by one of which acts said Municipal Court was created. In that act the legislature provided that—

"In all cases not otherwise specifically provided by law, either party may appeal from the final judgment of the municipal court to the court of common pleas of Summit county."

Sec 1579-530 GC.

There are enumerated in said section five classes of cases as to which it is provided that appeals shall not be allowed. Bastardy proceedings are not included in any of said five classes of cases.

It is therefore clear that bastardy proceedings are appealable, unless there is some other provision in the act which prohibits such appeal.

There is no other provision in the act which specifically prohibits such appeal, but it is urged that the legislative intention to prohibit such appeals is plainly indicated by §1579-508 GC, which provides that the Municipal Court of Akron "shall have jurisdiction of all violations of ordinances of the city of Akron, of all misdemeanors committed within the limits of Summit county, and of bastardy complaints arising within Summit county, hear and finally determine the same and impose the prescribed penalty," and then follows a provision that in felonies the court should have jurisdiction either to release the accused or bind him over to a higher court.

It is urged that because in this section the Municipal Court is given power in bastardy proceedings to "hear and finally determine the same and impose the prescribed penalty," the legislature clearly intended that there should be no appeal to the Common Pleas Court, but that the aggrieved party should be confined to his remedy of having the cause reviewed upon error.

While we agree that it is highly desirable in bastardy proceedings to limit parties to one trial by jury, unless a new trial is ordered on error, we cannot reach the conclusion that the legislature has so provided by the language used in §1579-508 GC.

The language of that section, providing for final determination, which it is claimed justifies such conclusion, was used in the former act of the legislature establishing the police court of the city of Akron (101 O. L., p. 357, §1), and a consideration of that act makes it plain that that language was there used simply to distinguish between jurisdiction to try a case and jurisdiction to bind over to another court for trial, and had no application whatever to the question of the right to appeal or prosecute error from the judgment of the police court of Akron.

In the Municipal Court act, which repealed the police court act, the same identical language referred to was used in the same connection, and no substantial change was made except to include bastardy proceedings with violation of ordinances and misdemeanor cases, and the object of such change was to give to the Municipal Court jurisdiction to try bastardy cases as well as violation of ordinances and misdemeanor cases—jurisdiction to try them as distinguished from jurisdiction to bind over to another court for trial, as both acts provided in reference to cases involving felonies.

Without the history of this legislation, a cursory reading of §1579-508 GC might indicate an intention to make the judgment of the Municipal Court in a bastardy proceeding final, in the sense that it is not appealable; but for the reasons indicated we cannot reach the conclusion that the legislature has specifically provided that a bastardy proceeding is not appealable.

A bastardy proceeding is a civil case, and by §1579-530 GC, as well as by §11215 GC, all civil cases are appealable except such as are specifically declared not to be appealable; the legislature has not specifically declared that a bastardy proceeding shall not be appealable, therefore it is appealable.

If that is not as it should be, the remedy lies with the legislature; we are bound by the ordinary meaning of the language used by the legislature to express its will, and are not at liberty to declare an intention at variance therewith.

We are compelled to hold that the Common Pleas Court erred in dismissing the

appeal, and such judgment is reversed and the cause remanded for trial.

PARDEE, PJ, concurs.
FUNK, J, dissents.